## UTILITY DESIGN ASSOCIATES

v.

### Attilio VERRENGIO, in his capacity as Treasurer of the Town of Johnston.

No. 92–103–Appeal.

Supreme Court of Rhode Island.

Dec. 21, 1992.

### ORDER

This matter was heard before a panel of the Supreme Court pursuant to an order issued to the defendant town of Johnston directing it to appear and show cause why its appeal should not be summarily denied and dismissed. In this case defendant town of Johnston had appealed from a Superior Court order granting the plaintiff's petition for the issuance of a writ of mandamus. That writ ordered the Town of Johnston to pay in full a 1982 judgment of the Superior Court against the town of Johnston including interest.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, it is the conclusion of this court that cause has not been shown. In 1982 plaintiff obtained a default judgment against the town which was never satisfied. In 1990, the plaintiff commenced a civil action on the earlier judgment, and summary judgment was entered in its favor. That summary judgment was appealed to this court and the appeal was denied. *See Utility Design Associates v. Town of Johnston,* No. 90–541–A (Order, entered September 16, 1991). Execution thereafter issued on that judgment and the town Treasurer refused to satisfy the judgment. Thereafter the petition for writ of mandamus was filed and granted.

The defendant town attempts to continue to insist that the 1982 judgment is void. Those arguments are meritless however, because of this court's denial of defendant's earlier appeal. Its continued efforts to have the 1982 judgment declared void borders on the frivolous because the earlier appeal of the defendant for his denial addressed precisely the same issues now being put forth. The doctrine of res judicata would prevent any relief to the defendant.

For these reasons, the defendant's appeal is denied and dismissed, and the order of the Superior Court granting the writ of mandamus is affirmed. The hearing justice's decision to award counsel fees to the plaintiff in this case is fully justified and affirmed by this court.

WEISBERGER, J., did not participate.